**SO ORDERED.**

**SIGNED this 14 day of August, 2009.**

J. Rich Leonard
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

DENNIS C. MIZE,

        DEBTOR.                      Case No. 09-02784-8-JRL
                                                Chapter 13

_____

## ORDER

This case is before the court on the objection to the motion for confirmation of chapter 13 plan by Patsy Carroll. On July 22, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina.

On April 3, 2009, the debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. Patsy Carroll is the holder of a promissory note in the original principal amount of $109,000.00 (the "Promissory Note"). The Promissory Note was executed by the debtor and his non-filing spouse and provided for 216 monthly installments of interest and principal through December of 2016. The Promissory Note is secured by a deed of trust on the debtor's principal residence located at 594 Fred Poole Spur Trail in Elizabethtown, North Carolina. The debtor and his non-filing spouse own their residence as tenants by the entirety. On May 21, 2009, the trustee

filed a motion for confirmation of chapter 13 plan.  The proposed plan listed the fair market value of the property at $228,690.00.

On June 15, 2009, Mrs. Carroll filed an objection to confirmation of plan on the grounds that the plan failed to propose to pay her secured claim in full and failed to provide for payment of interest on the debtor's arrearage.  First, Mrs. Carroll objects to the extent that the proposed plan undervalued her secured claim.  In support of her position, Mrs. Carroll established at hearing that she had filed a proof of claim in the debtor's case in the amount of $89,396.50.  Mrs. Carroll asserted at hearing that she calculated the value of her claim based on principal in the amount of $74,715.69, accrued interest of $9,891.71, and foreclosure costs of $4,753.00.  In contrast with the proof of claim filed by Mrs. Carroll, the debtor's plan provided for a secured claim in the amount of $83,831.00 "to be paid direct; arrears over term of the plan . . . ."  Mrs. Carroll asserts that the proposed plan should be modified to reflect her proof of claim.

Under the Bankruptcy Code, a claim is deemed allowed upon the filing of proof of such claim unless a party in interest objects.  11 U.S.C. § 502.  A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure "shall constitute *prima facie* evidence of the validity and amount of the claim."  FED. R. BANKR. P. 3001(f).  In the case at bar, Mrs. Carroll filed a proof of claim in the amount of $89,396.50.  Her proof of claim was timely filed and the debtor did not object to its validity.  It follows that the claim of Mrs. Carroll is allowed in the amount stated in her proof of claim.

Second, Mrs. Carroll contends that she is entitled to interest on the debtor's unpaid arrearage. In a chapter 13 case, the debtor is precluded from modifying the rights of holders of claims secured by a security interest in the debtor's principal residence.  11 U.S.C. § 1322(b)(2).  However, the

debtor's plan may provide for the curing of a default while the case is pending with respect to a secured claim on which the last payment is due subsequent to the date of the last payment under the plan.  Id. § 1322(b)(5).  The amount necessary to cure a default through a chapter 13 plan "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law."  11 U.S.C. § 1322(e).[1]  In the case at bar, the debtor's plan proposed to cure the arrearage owed on his residence through the plan.  Pursuant to § 1322(e), the amount required to cure the debtor's arrearage is dependant on the language in the agreement between the parties as well as state law.

Turning to the agreement between the debtor and Mrs. Carroll, Mrs. Carroll argues that she is entitled to interest on the debtor's pre-petition unpaid interest pursuant to the terms of the Promissory Note.  The Promissory Note provides that in the event of default of any installment of principal or interest:

> [T]he holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. . . . The unpaid principal of this Note and any part thereof, *accrued interest* and all other sums due under this Note and the Deed of Trust, if any, *shall bear interest at the rate of 9% per annum* after default until paid.

Promissory Note (emphasis added).  In response, the debtor argued at hearing that he was not obligated to pay compound interest on his pre-petition arrearage.[2]

---

[1]Section 1322(e) was enacted as part of the Bankruptcy Reform Act of 1994 and is effective for agreements entered into after October 22, 1994.  Under § 1322(e), the amount necessary to cure default is determined without regard to whether the claim is oversecured or undersecured.  See 2 KEITH M. LUNDIN, Chapter 13 Bankruptcy § 141.1 (3rd ed. 2007).

[2]Compound interest is "interest upon interest; i.e., when the interest of a sum of money is added to the principal, and then bears interest, which thus becomes a sort of secondary

3

The North Carolina Court of Appeals considered whether a debtor was required to pay compound interest under an installment sales contract in <u>Ferguson v. Coffey</u>, 180 N.C. App. 322 (2006). In <u>Coffey</u>, the contract at issue required the debtor to make monthly payments of principal and interest but was silent on whether compound interest was required. <u>Id.</u> at 325. Because there was no evidence that the parties bargained for the accrual of compound interest, the Court held that the debtor was obligated to pay interest on the unpaid principal only. <u>Id.</u> at 325-26. <u>See also</u> <u>NCNB Nat'l Bank of N.C. v. Robinson</u>, 80 N.C. App. 154, 157 (1986) (In the absence of an agreement to the contrary, "equity dictates that a party should not be forced to pay interest on interest.").

In <u>Coffey</u>, the North Carolina Court of Appeals distinguished the installment sales contract at issue from a contract that expressly provided for interest to be compounded in <u>Bockman v. WCH, L.L.C.</u>, 943 So. 2d 789 (Ala. 2006). In contrast to the contract in <u>Coffey</u>, the contract before the Supreme Court of Alabama in <u>Bockman</u> expressly provided for the payment of compound interest. <u>Bockman</u>, 943 So. 2d 789. In <u>Bockman</u>, a promissory note securing a mortgage on property provided that "*principal and interest . . . shall bear interest* from maturity at the said rate until paid." <u>Id.</u> at 795 (emphasis added). The Supreme Court of Alabama determined in <u>Bockman</u> that the language of the note expressly provided for payment of interest upon unpaid interest and held that interest should be compounded. <u>Id.</u> at 796.

In the case at bar, the court finds that the Promissory Note executed by the debtor and his non-filing spouse expressly provides for the payment of compound interest. "If a contract is clearly expressed, it must be enforced as it is written, and the court may not disregard the plainly expressed meaning of its language." <u>Ferguson v. Coffey</u>, 180 N.C. App. at 325 (quoting <u>McClure Lumber Co.</u>

_____

principal." Black's Law Dictionary 286 (6th ed. 1990).

4

v. Helmsman Constr., Inc., 160 N.C. App. 190, 197 (2003)).  The Promissory Note provides in pertinent part that "[t]he unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note . . . shall bear interest at the rate of 9% per annum . . . ."  Promissory Note.  In contrast with the contract in Coffey, the Promissory Note expressly provides for the accrual of interest on unpaid interest.  Like the unambiguous terms in the note in Bockman, the Promissory Note provided that "accrued interest . . . shall bear interest."  Because the parties expressly agreed to the payment of compound interest upon default, it follows that the debtor is obligated to pay interest on the interest that remained unpaid on the date of petition.

The court's conclusion that the debtor is obligated to pay compound interest is consistent with North Carolina law.  Chapter 24 of the North Carolina General Statutes authorizes parties to contract for the payment of interest where the principal amount is at least $10,000.00.  N.C. GEN. STAT. § 24-1.1A(a)(1).  It follows that the provision in the Promissory Note requiring the payment of compound interest is a contractual obligation which is enforceable under North Carolina law.

Finally, the court notes that since Rake v. Wade, 508 U.S. 464 (1993) was overturned by the Bankruptcy Reform Act of 1994[3] and § 1322(e), it has been the trustee's practice to calculate arrearage payments without an interest component.  This opinion does not change that practice, except to the extent that the secured creditor identifies precise language in the debt instrument authorizing the imposition of interest on accrued arrearages.

Based on the foregoing, the objection of Mrs. Carroll is SUSTAINED.  The plan must provide for a secured claim as stated in Mrs. Carroll's proof of claim unless and until an objection to claim is filed.  In addition, the secured claim of Mrs. Carroll shall include interest at the rate of

_____

[3]Pub. L. No. 103-394, 108 Stat. 4106 (1994).

9% per annum on arrearages that accrued pre-petition.

"END OF DOCUMENT"